UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN BARKER<br><br>Plaintiff,<br><br>v.<br><br>LOUISIANA SCHOOL FOR MATH SCIENCES & THE ARTS.<br><br>Defendant. | CASE NO. 1:21-cv-04419<br><br>JUDGE DRELL<br>MAGISTRATE JUDGE PEREZ-MONTES |

## ANSWER

Defendant, Louisiana School for Math, Sciences & the Arts, ("Defendant"), hereby responds to Justin Baker's, ("Plaintiff"), Complaint as follows:

### INTRODUCTORY PARAGRAPH

Plaintiff claims she was subjected to a hostile working environment and to retaliation and discrimination based upon her sexual orientation when she was allegedly terminated. Defendant disputes this claim in its entirety and further shows Plaintiff was not subject to discrimination, but rather engaged in behavior herself that constituted a hostile work environment and, despite a written and signed agreement of professional expectations for behavior, continued to engage in inappropriate conduct which resulted in a grievance being filed against her and, ultimately, the decision not to renew her contract of employment. Defendant denies the remaining assertions in the unnumbered introductory paragraph.

## PARTIES, JURISDICTION, AND VENUE

1. Defendant denies the allegations in Paragraph 1 due to a lack of sufficient information to justify a belief therein.

2. Defendant admits Justin Barker was a former resident of Natchitoches Parish, Louisiana. The remaining allegations are denied for a lack of sufficient information to justify a belief therein.

3. Admit.

4. Defendant denies the allegations in Paragraph 4 due to a lack of sufficient information to justify a belief therein.

5. Defendant admits that jurisdiction and venue are proper in this Court.

6. Defendant admits Plaintiff was an employee beginning on or around June 2017. The remaining allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7. Defendant admits jurisdiction in this Court is proper.

8. Defendant admits jurisdiction in this Court is proper.

9. Defendant admits jurisdiction in this Court is proper.

10. Defendant admits jurisdiction in this Court is proper.

11. Admit.

12. Admit.

13. Defendant shows they have submitted a Waiver of Service Summons. The remaining allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14. The allegations of Paragraph 14 are denied. By way of further response, the allegations in Paragraph 14 set forth legal arguments and legal conclusions to which no response is required, and on that basis, Defendant denies the allegations.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied. By way of further response, the allegations in Paragraph 19 set forth legal arguments and legal conclusions to which no response is required, and on that basis, Defendant denies the allegations.

20. Defendant admits Plaintiff filed a charge with the Equal Employment Opportunity Commission. The remaining allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21. Defendant admits the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter. The remaining allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22. The allegations in Paragraph 22 are denied for a lack of sufficient information to justify a belief therein.

## Factual Allegations

1. The allegations in Paragraph 1 do not require a response from Defendant. To the extent, a response is required the allegations are denied.

2. Defendant admits Plaintiff was an English Instructor. The remaining allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4. The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5. The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6. The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7. The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8. The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9. The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10. The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11. The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12. The allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13. The allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14. The allegations of Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15. The allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16. The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17. The allegations of Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

18. The allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19. The allegations of Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20. The allegations of Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21. The allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22. The allegations of Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23. The allegations of Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24. The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25. The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26. The allegations of Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27. The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28. The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29. The allegations of Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30. The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31. The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32. The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33. The allegations of Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34. The allegations of Paragraph 34 are denied for lack of sufficient information to justify a belief therein.

35. The allegations of Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36. The allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37. The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38. To the extent the allegations of Paragraph 38 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations in this Paragraph.

39. To the extent the allegations of Paragraph 39 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations in this Paragraph.

40. The allegations of Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41. To the extent the allegations of Paragraph 41 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

42. To the extent the allegations of Paragraph 42 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

43. The allegations of Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44. The allegations of Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45. The allegations of Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46. The allegations of Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47. The allegations of Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48. The allegations of Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49. The allegations of Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50. The allegations of Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51. The allegations of Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

52. The allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53. To the extent the allegations of Paragraph 53 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

54. To the extent the allegations of Paragraph 54 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

55. The allegations of Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

56. To the extent the allegations of Paragraph 56 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

57. The allegations of Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58. The allegations of Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59. The allegations of Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60. The allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61. To the extent the allegations of Paragraph 61 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

62. The allegations of Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63. The allegations of Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64. The allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

65. To the extent the allegations of Paragraph 65 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

66. To the extent the allegations of Paragraph 66 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

67. The allegations of Paragraph 67 are denied for lack of sufficient information to justify a belief therein.

68. To the extent the allegations of Paragraph 68 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

69. To the extent the allegations of Paragraph 69 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

70. The allegations of Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

## CAUSES OF ACTION

### Count I: Lack of Policies and Procedures for Sexual Harassment, Discrimination, or Retaliation

1. The allegations in Paragraph 1 do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3. The allegations in Paragraph 3 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

4. Paragraph 4 is denied.

5. The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6. The allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7. The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8. The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief herein.

9. The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

## Count II: Failure to Implement and Administer a Grievance Policy

1. The allegations in Paragraph 1 do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3. The allegations in Paragraph 3 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

4. The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5. The allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

### Count III: Failure to Train Administrators, Faculty, and Staff on the Grievance Policy

1. The allegations in Paragraph 1 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. The allegations of Paragraph 2 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

### Count IV: Failure to Publish Notice of Nondiscrimination

1. The allegations in Paragraph 1 do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. The allegations of Paragraph 2 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

3. The allegations in Paragraph 3 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

4. The allegations of Paragraph 4 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

**Count V: Defendant Willfully, Wantonly, and Consciously Disregarded Plaintiff's Reports**

1. The allegations in Paragraph 1 do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. The allegations of Paragraph 2 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

**Count VI: Negligence of Defendant LSMSA**

1. The allegations in Paragraph 1 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. The allegations of Paragraph 2 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

### Count VII: Defendant's Intentional Infliction of Mental and Emotional Distress

1. The allegations in Paragraph 1 do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. The allegations of Paragraph 2 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

3. The allegations of Paragraph 3 contain legal conclusions and arguments that do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

### Count VIII: Defendant's Retaliation Against Plaintiff

1. The allegations in Paragraph 1 do not require a response from Defendant. Insofar as a response is required, the allegations are denied.

2. Paragraph 2 is denied.

3. To the extent the allegations of Paragraph 3 are purported to be based on documents, those documents speak for themselves, and Defendant denies any characterization of the same. Except as specifically admitted herein, Defendant denies the remaining allegations of this Paragraph.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied for lack of sufficient information to justify a belief therein.

6. Paragraph 6 is denied for lack of sufficient information to justify a belief therein.

7. Paragraph 7 is denied.

## DAMAGES

The unenumerated allegations contained in this Paragraph are denied.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint. With respect to plaintiff's Request for Relief, Defendant further denies that she is entitled to any of the relief requested.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant respectfully requests that this Court enter an order denying the relief Plaintiff seeks, dismissing Plaintiff's Complaint against Defendant in its entirety with prejudice, together with the costs of suit, and grant Defendant any other such relief as this Court deems just and proper.

## INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY

Defendant hereby invokes the defense of qualified immunity, which bars Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), Defendant, upon information and belief, asserts the following affirmative defenses, both cumulatively and in the alternative, without admitting or denying that it bears the burden of proof as to any of them. Because Defendant's investigation is ongoing and discovery has not yet been taken, Defendant is without sufficient information regarding the existence or non-existence of other facts, acts, and/or evidence

that may constitute a defense to plaintiff's claims. Defendant accordingly gives notice that it may assert additional defenses as facts, acts, and/or evidence that would constitute or support additional defenses are identified.

By way of further response to Plaintiff's Complaint, Defendant sets forth the following separate Affirmative Defenses:

1. Defendant herein pleads that, to the extent that any acts or omissions of the defendant are found to be a cause of the Plaintiff's damages, which is denied, that all such acts or omissions constitute policy-making or discretionary acts, which said acts were in the course and scope of Defendant's lawful powers and duties and, as such, it is immune from tort liability under Federal and Louisiana law, including but not limited to L.S.A. R.S. §9:2798.1.

2. Defendant affirmatively pleads the defense of the statutory cap provided in La. R.S. §13:5106. Said statute is incorporated and made a part of this answer by reference.

3. Defendant affirmatively pleads the defense of the limit on legal interest provided in La. R.S. §13:5112. Said statute is incorporated and made a part of this answer by reference.

4. Defendant affirmatively pleads the affirmative defense of (1) the petitioner's fault and (2) fault of third parties, whether or not a party to this suit. Furthermore, Defendant avers that recovery if any, by Plaintiff should be barred or alternatively reduced by the proportionate fault of the petitioner to the extent said petitioner caused or contributed to the alleged acts, events, incidents, or happenings, and the alleged injuries or damages.

5. Defendant pleads the affirmative defense of contribution by any other said parties who caused or contributed to the alleged acts, events, incidents or happenings, and the alleged injuries or damages.

6. Defendant State pleads the affirmative defense of indemnity by any other said parties who caused or contributed to the alleged acts, events, incidents or happenings, and the alleged injuries or damages.

7. Defendant pleads the affirmative defense of setoff and that is it is entitled to a setoff of any recovery or award made against it in these proceedings to recover or apportion damages arising from the acts or omissions of Plaintiff and other parties that caused or contributed to the alleged acts, events, incidents or happenings, and the alleged injuries or damages.

8. Plaintiff's purported causes of action, and each of them, considered separately or, fail to state a cause of action upon which relief may be granted.

9. Defendant appropriately, completely, and fully discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

10. Defendant did not breach any contractual or civil law duty allegedly owed to Plaintiff.

11. At all times, Defendant acted in good faith.

12. Plaintiff's alleged injuries and damages, if any exist, were not caused by Defendant or proximately caused by any action of Defendant.

13. Plaintiff's alleged injuries and damages, if any exist, occurred as the result of the acts and/or omissions of Plaintiff over whom Defendant exercised no control or right of control.

14. Plaintiff failed to mitigate her alleged damages.

15. Plaintiff's claims are barred by the doctrine of prescription.

16. Plaintiff's claims are barred by the doctrine of equitable estoppel.

17. Defendant also reserves the right to assert any and all additional applicable immunities available under law.

18. Defendant reserves the right to raise further affirmative defenses as those defenses become known or apparent in the course of discovery.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all issues so triable.

Dated: March 22, 2022

                          Respectfully submitted,

                          */s/ Jay P. Adams*
                          JAY P. ADAMS, Bar No.
                          SARA G. WHITE, Bar No. 34569
                          HUDSON, POTTS & BERNSTEIN, LLP
                          1800 Hudson Lane, Suite 300
                          Monroe, Louisiana 71201
                          Tel.: (318) 388-4400
                          Fax: (318) 322-4194
                          Email: jadams@hpblaw.com
                          Email: swhite@hpblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                          BY: */s/ Jay P. Adams*
                               Jay P. Adams