UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN BARKER<br><br>    Plaintiff,<br>v.<br><br>LOUISIANA SCHOOL FOR MATH SCIENCES & THE ARTS.<br><br>    Defendant. | CASE NO. 1:21-cv-04419<br><br>JUDGE DRELL<br>MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM IN SUPPORT OF
MOTION TO QUASH OR, IN THE ALTERNATIVE,
FOR A PROTECTIVE ORDER**

MAY IT PLEASE THE COURT

    This matter arises out of a claim of employment discrimination on the basis of gender and sexual orientation which plaintiff, Dr. Justin Barker, alleges occurred between 2017-2020, when she was employed as a teacher at the Louisiana School for Math Sciences & the Arts. Relevant to this motion, the parties have engaged in pre-trial discovery including the deposition of several witnesses on December 14 - 15, 2022. Two of the witnesses deposed were Dr. Steve Horton, Executive Director at LSMSA, and Dr. John Allen, Chief of Staff for the school. Dr. Horton served as the school's representative and attended all the depositions which were taken.

    During the final deposition, plaintiff's counsel made a request that any text message between defendants' witnesses (Dr. Horton, Dr. Allen, Dr. Kristy Key, and Sheila Kidd) which

occurred on December 14 or 15 between any witness and school employee be preserved secondary to an anticipated Request for Production to defendant. No such discovery request was made. Rather, plaintiff now attempts to obtain the following information from Verizon Wireless for Dr. Horton and Dr. Allen's cell phone number:

> ALL CALLS, TEXT MESSAGES, and PHONE USAGE BY or TO the FOLLOWING CELLULAR PHONE NUMBER listing time, date, duration and number called for 12/14/2022 and 12/15/2022.[2]

First, plaintiff's discovery is procedurally improper. Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC,* No. CV 20-2795, 2021 WL 2894146, at *4 (E.D. La. July 9, 2021). Verizon Wireless is not a party to this suit. A subpoena under Rule 45 would be the only way plaintiff would have the authority to demand such information be produced from Verizon. As such, a Request for Production of Documents from a non-party should be quashed.

Secondly, if the Court allows the procedurally flawed discovery, defendant shows the information sought is overly broad, wholly irrelevant to the underlying case, and only designed to further harass defendant's witnesses. Even if plaintiff had properly subpoenaed the records, she is still not entitled to unfettered access to the witnesses' cellular information. Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26. *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd,* 209 F.3d 719 (5th Cir. 2000). Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45. *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing Fed. R. Civ. P. 45(d)(3); 26(c)(1)(D)). The scope of information

---
[2] See, Exhibit A and Exhibit B ‐ Request for Production of Documents to Non‐Party: Verizon.

sought by plaintiff from Verizon exceeds permissible boundaries of discoverable evidence and should be quashed, or alternatively, limited.

In this case, both witnesses have already given lengthy deposition testimony.[3] Plaintiff had sufficient opportunity to question the witnesses about text messages or phone calls at that time if they felt it was somehow relevant to the case. Plaintiff's counsel did, in fact, question Dr. Horton on whether he had called or texted anyone to discuss what was being said during the depositions. Dr. Horton testified he had "benign conversations" with Dr. Key and Dr. Allen after their testimony.[4] Dr. Horton explained he was checking on Dr. Allen to make sure he was okay. There were no further questions on this topic. Dr. Allen was not questioned about his cell phone use or his communications with other witnesses. Plaintiff had therefore ample opportunity to discuss cell phone usage with the witnesses and further disclosure in this area should not be permitted.

The request to Verizon is also impermissibly broad. Plaintiff does not limit her request to communications between LSMSA employees, or even communications between the witnesses who were deposed, but rather seeks communication by or to *anyone* during the two days which the depositions took place. Plaintiff also requests all information on the witnesses' phone usage, which has significant privacy implications. In this digital age, phone data can reveal personal information, personal or work emails, private health information, or even financial information. The request for information of this nature is an invasion of privacy and is only designed to further harass the witnesses.

Moreover, any communications by Dr. Horton or Dr. Allen which occurred over two and half years *after* plaintiff was last employed at LSMSA most certainly has no bearing on the merits of the case. Dr. Horton has already provided testimony as to his cell phone communications, so

---

[3] Dr. Horton's deposition testimony lasted approximately 4 hours. Dr. Allen's deposition has not yet been transcribed.
[4] Exhibit C – Deposition of Dr. Horton, p. 44.

further information in this regard would be cumulative. There is simply no relevance of this information to the merits of the underlying case.

As such, defendant requests plaintiff's two Request for Production to Non-Party: Verizon be quashed, or in the alternative, limited in scope.

Dated: January 11, 2023

> Respectfully submitted,
>
> */s/ Sara G. White*_____
> JAY P. ADAMS, Bar No.
> SARA G. WHITE, Bar No. 34569
> HUDSON, POTTS & BERNSTEIN, LLP
> 1800 Hudson Lane, Suite 300
> Monroe, Louisiana 71201
> Tel.: (318) 388-4400
> Fax: (318) 322-4194
> Email: jadams@hpblaw.com
> Email: swhite@hpblaw.com